*283 MEMORANDUM BY THE COURT.
All the transportation here involved was of supplies purchased under contracts or orders providing for delivery f. o. b. cars at mine or factory. That, the United States and its contractors, having seen fit to so contract, also saw fit to provide for a final inspection at place of delivery, with incidental right of rejection, or for some further service to be rendered by the contractor at that point, either for the original or an additional compensation, are matters of no concern to the railroad company unless they are entitled to assert that because thereof the shipments were not shipments of “ Government property ” and hence not entitled to land-grant rates. Such a contention is not tenable. The United States and the contractors were privileged to write into their contract such terms as they saw fit, and a third party, even though incidentally interested as a carrier, may not give an effect to one provision other than that plainly intended by the parties, because the parties themselves saw fit to agree to other terms regarded by it as inconsistent therewith. Provisions for a final inspection at point of delivery or for the rendering of a further service by the contractor at that point were not inconsistent with and could not be invoked to nullify a specific provision under which the title to the property passed to the United States by delivery at the initial point of shipment to the carrier as agent. Land-grant rates were applicable.
In rendering its bills the plaintiff itself made land-grant deductions from commercial rates, claimed only the land-grant rates resultant from such deductions, and accepted payment thereof without protest. It is thus estopped to assert a further claim for the same service except upon a showing of fraud or mistake of fact. There is no proof that the plaintiff was in any way deceived or mistaken as to the facts or was not fully informed with reference thereto when it rendered the service, presented its bills, and re *284 ceived payment thereof. B. & O. case, 52 C. Cls. 468; Oregon-Wash, case, 54 C. Cls. 131, affirmed 255 U. S. 339, Part of the claim presented, amounting to $2,511.68, relating to shipments from October 30, 1911, to March 7, 1912, was barred by the statute of limitations when this suit was commenced, March 23, 1918.
The petition is dismissed.